RLC:BSK/AG
F. #2010R00503/OCDETF #NYNYE638

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

CARLOS ALBERTO FLOREZ CARDENAS,
FRANKLIN ALAIN GAITAN MARENTES,
    also known as "Sillas," and
RICARDO VILLARAGA FRANCO,

                  Defendants.

- - - - - - - - - - - - - - - - - -X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 29 2010 ★

BROOKLYN OFFICE

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 10-225(S-1)(DGT)
(T. 18, U.S.C., §§
981(a)(1)(C), 982,
1512(k), 1956(a)(1)(A)(i),
1956(a)(1)(B)(I), 1956(h),
2 and 3551 et seq.; T. 21,
U.S.C., §§ 853(p), 959)c).
963(a)(3), 960(b)(1)(B)(ii)
and 963 ; T. 28, U.S.C., §
2461(c))

THE GRAND JURY CHARGES:

COUNT ONE
(Conspiracy to Launder Money)

      1.  On or about and between January 1, 1998 and November 1, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant FRANKLIN ALIAN GAITAN MARENTES, also known as "Sillas," together with others, did knowingly and intentionally conspire to conduct financial transactions, affecting interstate and foreign commerce, to wit: the transfer and delivery of United States currency, which in fact involved the proceeds of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1), 846, 959(a), 960(a)(1) and 963, knowing that the property involved in the transactions represented the proceeds of some form of unlawful

activity, (a) with the intent to promote the carrying on of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNTS TWO THROUGH FIFTEEN
(Money Laundering)

2. On or about the dates listed below, within the Eastern District of New York and elsewhere, the defendant FRANKLIN ALAIN GAITAN MARENTES, also known as "Sillas," together with others, did knowingly and intentionally conduct and attempt to conduct one or more financial transactions, affecting interstate and foreign commerce, to wit: the transfer and delivery of United States currency, which in fact involved the proceeds of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1), 959(a) and 960(a)(1), knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity, (a) with the intent to promote the carrying on of the specified unlawful activity, and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature,

the location, the source, the ownership and the control of the proceeds of the specified unlawful activity:

|  |  |  |
|---|---|---|
| TWO | April 27, 2007 | $10,000,000 |
| THREE | May 7, 2007 | $10,447,500 |
| FOUR | June 26, 2007 | $12,250,000 |
| FIVE | July 25, 2007 | $6,475,000 |
| SIX | August 14, 2007 | $11,200,000 |
| SEVEN | September 17, 2007 | $23,100,000 |
| EIGHT | October 15, 2007 | $16,542,500 |
| NINE | November 12, 2007 | $11,200,000 |
| TEN | December 21, 2007 | $17,800,000 |
| ELEVEN | January 9, 2008 | $11,200,000 |
| TWELVE | February 19, 2008 | $15,050,000 |
| THIRTEEN | March 4, 2008 | $11,550,000 |
| FOURTEEN | April 3, 2008 | $11,200,000 |
| FIFTEEN | May 10, 2008 | $8,400,000 |

(Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq.)

## COUNT SIXTEEN
(Conspiracy to Obstruct Justice)

3. On or about and between September 21, 2009 and March 22, 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RICARDO VILLARAGA FRANCO, together with others, did knowingly, intentionally and corruptly conspire to obstruct, influence and

impede an official proceeding, to wit: a proceeding before a Federal grand jury in the Eastern District of New York, in violation of Title 18, United States Code, Section 1512(c)(2).

(Title 18, United States Code, Sections 1512(k) and 3551 et seq.)

## COUNT SEVENTEEN
(Conspiracy to Obstruct Justice)

4. On or about and between January 1, 2010 and March 22, 2010, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants CARLOS ALBERTO FLOREZ CARDENAS, FRANKLIN ALAIN GAITAN MARENTES, also known as "Sillas," and RICARDO VILLARAGA FRANCO, together with others, did knowingly, intentionally and corruptly conspire to obstruct, influence and impede an official proceeding, to wit: a proceeding before a Federal grand jury in the Southern District of New York, in violation of Title 18, United States Code, Section 1512(c)(2).

(Title 18, United States Code, Sections 1512(k) and 3551 et seq.)

## COUNT EIGHTEEN
(International Distribution Conspiracy)

5. On or about and between January 1, 2002 and April 12, 2010, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant FRANKLIN ALIAN GAITAN MARENTES, also known as "Sillas," together with others, did knowingly and intentionally conspire to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 959(a).

(Title 21, United States Code, Sections 963, 959(c), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE THROUGH FIFTEEN

6. The United States hereby gives notice to the defendants charged in Counts One through Fifteen that, upon conviction of any such offense, the government will seek forfeiture, in accordance with Title 18, United States Code, Section 982(a)(1), of all property involved in each offense of conviction in violation of Title 18, United States Code, Section 1956, and conspiracy to commit such offense, and all property traceable to such property as a result of the defendants'

-5-

conviction of the offense, including but not limited to, a sum of money representing the amount of funds involved in the offense.

   7. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982, to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

   (Title 18, United States Code, Section 982)

### FORFEITURE ALLEGATION AS TO COUNTS SIXTEEN AND SEVENTEEN

   8. The United States hereby gives notice to the defendants charged in Counts Sixteen and Seventeen that, upon conviction of any such offense, the government will seek forfeiture, in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any property constituting or derived from proceeds

obtained directly or indirectly as a result of the offense, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the offense.

9. If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendant(s) up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNT EIGHTEEN

10. The United States hereby gives notice to the defendant charged in Count Eighteen that, upon his conviction of

-7-

such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense.

11.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#2010R00503
FORM DBD-34
JUN. 85

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL *Division*

vs.

CARLOS ALBERTO FLOREZ CARDENAS, et al.,

Defendants.

# INDICTMENT

( Title 18, U.S.C. §§ 981 (a) (1) (c), 982, 1512 (k), 1956 (a) (1) (A) (i), 1956 (a) (1) (B) (I), 1956 (h) , 2 and 3551 et seq. ; T. 21, U.S.C., §§ 853 (p), 959 c) . 963 (a) (3), 960 (b) (1) (B) (ii) and 963 ; T. 28, U.S.C. ., § 2461 (c))

A true bill.

_____
Foreman

Filed in open court this _____ day,

of _____ A.D. 19 _____

_____
Clerk

Bail, $ _____

AUSA Bonnie Klapper  (718) 254-6426